USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1692 UNITED STATES, Appellee, v. DAVID LYNWOOD BOWDEN, JR., Defendant, Appellant. ____________________ ERRATA SHEET The opinion of this court issued on October 28, 1996 is amended as follows: On page 2, line 6, correct the spelling of "inerrelated" to "interrelated." [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1692 UNITED STATES, Appellee, v. DAVID LYNWOOD BOWDEN, JR., Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Morton A. Brody, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Boudin and Lynch, Circuit Judges. ______________ ____________________ Brett D. Baber and Rudman & Winchell on brief for appellant. ______________ _________________ Jay P. McCloskey, United States Attorney, James L. McCarthy and _________________ __________________ Margaret D. McGaughey, Assistant United States Attorneys, on brief for _____________________ appellee. ____________________ October 28, 1996 ____________________ Per Curiam. David L. Bowden appeals from his ___________ conviction for unlawful possession of a firearm by a felon, in violation of 18 U.S.C. 922(g)(1) and 924(e). The government has moved for summary affirmance pursuant to Loc. R. 27.1. We grant the government's motion for the following reasons. Bowden makes three interrelated arguments. First he contends that 922(g) is unconstitutional under the reasoning of United States v. Lopez, 115 S. Ct. 1624 (1995). _____________ _____ "This issue is no longer open in this circuit." United ______ States v. Joost, 92 F.3d 7, 14 (1st Cir. 1996). Bowden's ______ _____ remaining arguments are that 922(g) requires proof that possession of the firearm had a "substantial effect" upon interstate commerce, and that the jury instructions were flawed for not including that requirement. In United States _____________ v. Blais, No. 95-1093, slip op. at 8 (1st Cir. August 28, _____ 1996), we rejected precisely the arguments that Bowden makes here "about Lopez's alteration of the Scarborough standard of _____ ___________ minimal nexus." Bowden's conviction is summarily affirmed. See Loc. _________ ________ ___ R. 27.1. -2-